# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     5:24-cv-00859-SSS-AJR                                Date: May 9, 2024
                                                                                                  Page 1 of 4

Title:     Erik Jackson Williams v. Riverside County, et al.

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

PRESENT:

### HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

      On April 18, 2024, *pro se* Plaintiff Erik Jackson Williams ("Plaintiff"), an inmate incarcerated at the Larry D. Smith Correctional Facility ("SCF"), filed a Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (the "Complaint") against Riverside County, the Riverside County Sheriff's Department, Riverside Sheriff Deputy Coello, and Sgt. Monzon.  (Dkt. 1 at 1, 3.)[1]  A review of the Complaint reveals that Plaintiff has not exhausted California's prison administrative process, however.

---

[1] Because the Complaint and attachments thereto do not bear consecutive page numbers, the Court uses the CM/ECF pagination.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.     5:24-cv-00859-SSS-AJR                                       Date: May 9, 2024
                                                                                         Page 2 of 4

Title:        <u>Erik Jackson Williams v. Riverside County, et al.</u>

**I.    DISCUSSION**

     The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. See <u>Ross v. Blake</u>, 578 U.S. 632, 638-39 (2016); <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).

     Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to Section 1073, Riverside County has established grievance procedures for inmates at SCF. An inmate must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). If an inmate exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A] prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")

     Here, Plaintiff appears to acknowledge he has not exhausted his administrative remedies. Specifically, Plaintiff states:

> I did turn in my 'Remostrance' [*sic*] on 3/23/24 to Mrs/Ms Sgt Monzon but no response due to Riverside County jail's coordinate schemes[.] I filed another on 4/10/24[.] I'm asking the county to extend my process filing date (Dkt. 1 at 2).

> The reason why the grievance was not heard is because Ms/Mrs Sgt Monzon has been out sick and placed grievance in the wrong teams box. She just came back Wednesday. . . . And grievance has now been placed in my file[.] Mrs/Ms Sgt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:24-cv-00859-SSS-AJR                    Date: May 9, 2024
                                                      Page 3 of 4

Title:       Erik Jackson Williams v. Riverside County, et al.

Monzon left in the middle of her shift on 3/23/24 due to being sick. (Dkt. 1 at 7.)  Thus, it appears that Plaintiff has not waited for a response to his grievance and potentially has not completed the internal appeal process.  Plaintiff also attaches to his Complaint a Riverside County Jail Inmate Grievance Form dated April 8, 2024.  (Id. at 8.)

Furthermore, Plaintiff has not presented any extraordinary circumstances which might support an excuse from complying with PLRA's exhaustion requirement.  Cf. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (courts should not read "futility or other exceptions" into section 1997e(a)).  Moreover, **exhaustion is mandatory** and not left to the discretion of the district court.  Woodford, 548 U.S. at 84.  Courts may not create their own "special circumstances" exceptions to the exhaustion requirement.  Ross, 578 U.S. at 637 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably -- even though mistakenly-- believed he had exhausted his remedies).  Accordingly, it appears that Plaintiff needs to wait for a response to his grievance and then complete the internal appeals process before filing his lawsuit in federal court.

II.     DISPOSITION

When the district court concludes that the plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d, 1108, 1120 (9th Cir. 2003), overruled on other grounds by, Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*).  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by **June 8, 2024**, why this case should not be dismissed without prejudice for failure to exhaust.  **Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth why dismissal is unwarranted.  Specifically, to avoid dismissal, Plaintiff needs to either explain how he has fully exhausted his claim or explain why extraordinary circumstances exist in order to excuse him from complying with PLRA's exhaustion requirement**.  See, e.g., Ross, 578 U.S. at 643 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:24-cv-00859-SSS-AJR | Date:  May 9, 2024 |
| | Page 4 of 4 |

Title:    Erik Jackson Williams v. Riverside County, et al.

relief.").

    **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with or without prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

    IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).