UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:24-cv-00859-SSS-AJR                    Date: June 5, 2024
                                                      Page 1 of 6

Title:    Erik Jackson Williams v. Riverside County, et al.

DOCKET ENTRY: **ORDER RE PLAINTIFF'S RESPONSE LETTERS (DKTS. 6 & 7) AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On April 18, 2024, *pro se* Plaintiff Erik Jackson Williams ("Plaintiff"), an inmate incarcerated at the Larry D. Smith Correctional Facility ("SCF"), filed a Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (the "Complaint") against Riverside County, the Riverside County Sheriff's Department, Riverside Sheriff Deputy Coello, and Sgt. Monzon. (Dkt. 1 at 1, 3.)[1] On May 9, 2024, the Court screened the Complaint and issued an Order to Show Cause why this action should not be dismissed without prejudice for failure to exhaust California's prison administrative process (the "OSC"). (Dkt. 5.)

---

[1] Because the Complaint and attachments thereto do not bear consecutive page numbers, the Court uses the CM/ECF pagination.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     5:24-cv-00859-SSS-AJR                            Date:  June 5, 2024
                                                              Page 2 of 6

Title:       Erik Jackson Williams v. Riverside County, et al.

On May 17, 2024 and May 20, 2024, respectively, Plaintiff filed the instant "Response Letter 1" and "Response Letter 2" in response to the Court's OSC (collectively the "Letters").  (Dkts. 6 & 7.)  For the reasons discussed below, a review of the Letters shows that Plaintiff still has not fully exhausted his prison administrative remedies process.

**I.     DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  See Ross v. Blake, 578 U.S. 632, 638-39 (2016); Woodford v. Ngo, 548 U.S. 81, 84 (2006).

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. See 15 Cal. Code Regs. § 1073.  Pursuant to Section 1073, Riverside County has established grievance procedures for inmates at SCF.  An inmate must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint.  42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Moreover, an inmate cannot file a complaint prior to completing exhaustion and seek a stay of the action to complete the exhaustion process.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.").

Section 1073(a) provides for Inmate Grievance Procedures including a grievance form or instructions for registering a grievance, resolution of the grievance at the lowest level; appeal to the next level; written reasons for denial at each level; response within a reasonable time; and provisions for resolving jurisdictional questions.  See 15 Cal. Code

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:24-cv-00859-SSS-AJR                              Date: June 5, 2024
                                                                                         Page 3 of 6

Title:    Erik Jackson Williams v. Riverside County, et al.

Regs. § 1073(a). Specifically, section 1073(a) states:

> (a) Each administrator of a Type II, III, or IV facility and Type I facilities which hold incarcerated workers shall develop written policies and procedures whereby all incarcerated persons have the opportunity and ability to submit and appeal grievances relating to any conditions of confinement, including but not limited to: medical care; classification actions; disciplinary actions; program participation; telephone, mail, and visiting procedures; and food, clothing, and bedding. Such policies and procedures shall include:
>
> (1) a grievance form;
>
> (2) instructions for registering and appealing a grievance, including relevant deadlines;
>
> (3) a process for submission and handling of anonymous grievances;
>
> (4) resolution of the grievance at the lowest appropriate staff level;
>
> (5) appeal to the next level of review;
>
> (6) written reasons for denial of grievance at each level of review which acts on the grievance;
>
> (7) provision for a non-automated initial response within a reasonable time limit which shall not exceed a period of 15 calendar days;
>
> (8) provision for resolving questions of jurisdiction within the facility;
>
> (9) provision for providing a copy of the grievance, appeal, response, and related documents to the incarcerated person; and,
>
> (10) The facility manager or designee shall conduct regular review of grievances, responses, and appeals.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

| | |
|---|---|
| Case No.    5:24-cv-00859-SSS-AJR | Date:  June 5, 2024 |
| | Page 4 of 6 |

Title:      <u>Erik Jackson Williams v. Riverside County, et al.</u>

15 Cal. Code Regs. § 1073(a).

     Here, contrary to Plaintiff's assertions, the record appears to show he has not exhausted his administrative remedies.  Specifically, in the Response Letter 1, Plaintiff attaches a Riverside County Jail Inmate Grievance Form dated March 23, 2024 and states that "[h]ere is the grieviance [*sic*] in which I exhausted my remiedies [*sic*] to Miss 'Mozon.'"  (Dkt. 6 at 1.)  In the grievance form, Plaintiff complains about improper jail procedures, poor conditions, and staff misconduct.  (<u>Id.</u>)  The form showed that Sgt. Monzon received the report.  (<u>Id.</u>)  Also in the form, the supervisor's findings states that Plaintiff's grievance "was determined not to be factual" and it was recommended that the grievance claim be "forwarded to Green Team supervision for review and resolution."  (<u>Id.</u> at 2.)  Under the "Inmate Signature," which required an inmate to verify that an explanation of the supervisor's findings was provided, Plaintiff wrote, "Refuse."  (<u>Id.</u>)  The form also referenced the "Inmate Orientation guide for more information regarding the grievance process, including [the inmate's] right to appeal initial findings."  (<u>Id.</u>)

     Plaintiff attaches to his Response Letter 2 a second Riverside County Jail Inmate Grievance Form dated May 15, 2024 and states once again that the grievance form shows that he has exhausted all his administrative remedies "towards Mrs/Ms. Sgt. Monzon."  (Dkt. 7 at 1.)  Plaintiff describes the reason for his grievance is to check on the status of his previous grievance claim dated March 23, 2024 to Sgt. Monzon.  (<u>Id.</u>)  Plaintiff states that "I'm asking that [Sgt. Monzon] review this "remostance" to the highest level cause [*sic*] I feel that this is not my issue for her response to when I handed her my "remostance."  Please Mrs/Ms. Sgt. Monzon I would like your response to this."  (<u>Id.</u>)  The supervisor's findings state that "Sgt Monzon was unable to respond due to circumstances outside of her control" and that the "grievance was forwarded to Green Team and resolved."  (<u>Id.</u> at 2.)  As presented, it remains unclear whether Plaintiff's grievance claim dated March 23, 2024 has been "resolved."  As outlined above, under Section 1073(a), an inmate must be provided with "written reasons for denial of grievance at each level of review which acts on the grievance."  15 Cal. Code Regs. § 1073(a).  Thus, it appears that Plaintiff still needs to wait for a written response to his March 23, 2024 grievance and potentially has not completed the internal appeal process.

     Furthermore, Plaintiff has not presented any extraordinary circumstances which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    5:24-cv-00859-SSS-AJR    Date: June 5, 2024
Page 5 of 6

Title:    Erik Jackson Williams v. Riverside County, et al.

might support an excuse from complying with PLRA's exhaustion requirement. Cf. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (courts should not read "futility or other exceptions" into section 1997e(a)). Moreover, **exhaustion is mandatory** and not left to the discretion of the district court. Woodford, 548 U.S. at 84. Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. Ross, 578 U.S. at 637 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably -- even though mistakenly-- believed he had exhausted his remedies). Accordingly, it appears that Plaintiff needs to wait for a response to his grievance and then complete the internal appeals process before filing his lawsuit in federal court.

## II.    DISPOSITION

When the district court concludes that the plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d, 1108, 1120 (9th Cir. 2003), overruled on other grounds by, Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*). Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by **July 4, 2024**, why this case should not be dismissed without prejudice for failure to exhaust. **Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth why dismissal is unwarranted. Specifically, to avoid dismissal, Plaintiff needs to either explain how he has fully exhausted his claim or explain why extraordinary circumstances exist in order to excuse him from complying with PLRA's exhaustion requirement**. See, e.g., Ross, 578 U.S. at 643 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief").

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with or without prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Petitioner's convenience.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     5:24-cv-00859-SSS-AJR                         Date: June 5, 2024
                                                           Page 6 of 6

Title:       <u>Erik Jackson Williams v. Riverside County, et al.</u>

    IT IS SO ORDERED.

<u>Attachment:</u>
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).